Calvert vs. Steamboat Timoleon.

---

## CALVERT vs. STEAMBOAT TIMOLEON.

1. Under the statute, enabling persons held in slavery to sue for their freedom, one held in slavery, in violation of law, may assert his right to freedom, in the manner therein pointed out; but this is a personal privilege, and so long as he acquiesces in his condition, another cannot litigate his right to freedom. The freedom of a slave is, therefore, no defence to an action under the statute, against a boat, for transporting the slave to Illinois, without the consent of his master, whereby he was lost.

Calvert vs. Steamboat Timoleon.

F. M. HAIGHT, for appellant.

The point presented in this case is, whether the freedom of the boy, Carter, taken off by the boat, is a defence to the action : 7 Mo. Rep. 428.

GLOVER & CAMPBELL, and A. H. BUCKNER, for respondent.

There are three questions in this case :

I. Does the plaintiff's answer put in issue any fact alleged in the respondent's petition? We shall insist that it does not. The statute points out the method in which allegations in a petition must be denied, or they are taken as admitted.

II. Can one, who finds the relation of master and slave existing while no complaints are made by the slave, violently break up the relation, by seizing and carrying away the slave from the master, and then justify the act by showing that the slave was entitled to his liberty? We hold the negative. . A person entitled to liberty, but held in slavery, is not regarded by the law in like condition with one who is both entitled to and in the enjoyment of liberty. On the contrary, there is a vast difference between the *status* of one in the enjoyment of liberty, and the *status* of one who though of right free, is not in the enjoyment of it. The difference is such, that in fact a person entitled to liberty, but held in slavery, is scarcely better off than a very slave. Such a person has no right by law, to abandon his master's service. He has no right to complain of his master for correcting him as one in a free *status* might.

He can recover nothing by the law, for services which he is compelled by his pretended master to render him, as one in a free *status* may.

He has no general power to sue for wrongs done him, however flagrant. Neither can he be sued nor treated as a free man. When once a judgment of emancipation is pronounced in his favor, all these propositions are reversed. The slave *status*, therefore, is something to be considered in this case.

When one in this condition wishes to assert his freedom, the statute points out the mode, and allows only one mode : Rev. Code 1845. Until a liberation is had in the proceeding provided by the statute, so far as master and slave are concerned, the held slave must forever remain a slave. Until that event, therefore, he is a slave by the law of the land, and, in fact to his master.

The right to set up freedom, in the manner here attempted, did not belong to the negro, and therefore could not belong to the appellant. The only reason for which the appellant could be permitted to set up a right to freedom in the negro, would be to protect himself in another action by the negro. The defence is merely denying the title of the respondent to the thing claimed in the action, and setting up a title thereto, in the negro in question. But how stands the fact? The negro has no such right in himself, as is here alleged.

Until Calvert shall have judgment of liberation rendered against him, in favor of the negro. In the legal, proper mode, the negro is his slave; he is entitled to his services, as against the negro, and if so, of course against all the world: 5 Smedes & Mar. 617.

III. Do the facts in evidence, touching the residence of the mother of the negro in question, in Illinois, and subsequent removal into Missouri, amount to cause for liberating them? Here, also, we must answer in the negative.

The mother might have sued for and obtained her freedom in Illinois, but not doing so, and returning into slave territory, without any change of *status*, there is no principle of international law, which requires the courts of Missouri to prefer in an original adjudication of the question of freedom the foreign law to our own : 5 B. Monroe 187; S. C. 10 Howard U. S. 82. There never has been any law of this State, declaring that a slave becomes free by the state of facts proved here : 2 Haggard's Adm. R. 94 (Grace's case.) In this case, it is held, that the process, by which a slave vindicates his rights, is inapplicable to a free person; *ergo,* a slave ought to be confined to the remedy provided for him.

SCOTT, J., delivered the opinion of the court.

This was an action under the statute, against the appellant (the Steamboat) for transporting from St. Louis, a slave, the property of the appellee, to the State of Illinois, without the consent of his master, whereby he was lost. The defence was, that the slave was entitled to his freedom, and that he was permitted to go about and act as a free person.

It appears, that evidence was offered, showing that the mother of Carter, the slave in controversy, was detained in servitude in the territory (now the State of Illinois,) from the year 1812 to the latter part of the year 1818, by her master, who afterwards moved to this State, where, in the year 1824, Carter was born. This evidence was excluded by the court, on the ground, that the freedom of the slave could not be set up as a defence to the plaintiff's action. The plaintiff obtained a verdict, and the defendant appealed to this court. The admissibility of the evidence, excluded by the court, is the only point involved in the case.

It was contended for the appellant, that under the ordinance of 1787, according to the previous decisions of this court, the detention of the mother of Carter in servitude, in the territory of Illinois, made her free, and that Carter, being subsequently born, followed the condition of his mother, and was also free, and that this fact, under the authority of the case of Chouteau & Keizer vs. Hope, 7 Mo. Rep., was a valid defence to the action. The case of Dred Scott vs. Emerson, decided at this term of the court, shows, that the facts offered in evidence, would not entitle the mother of Carter to her freedom. The case of Chouteau & Keizer vs. Hope, cannot be sustained, to the length, that the right of one detained in slavery, who has never been actually free, may be asserted in a collateral proceeding. It would seem, that under the statute, one held in slavery, in violation of law, may assert his right to freedom, in the manner therein pointed out. But this is a personal privilege, and so long as he acquiesces in his condition, another cannot litigate his right to freedom.

The other judges concurring, the judgment will be affirmed.